[No. 7851.   Decided July 30, 1909.]

B. E. A. WINDUST, *Appellant*, v. MAUDE SUTTON *et al.*,
*Respondents.*[1]

SPECIFIC PERFORMANCE — CONTRACT — ASSENT — AREA — EVIDENCE.
Where the minds of a vendor and vendee did not meet as to the
exact tract of acreage intended to be bought and sold, the vendee
cannot sue to recover additional acreage on evidence that would
simply have entitled her to a rescission of the contract.

Appeal from a judgment of the superior court for Spokane
county, Sullivan, J., entered October 23, 1908, upon findings
in favor of the defendants, after a trial before the court with-
out a jury, in an action for the specific performance of a con-
tract to convey land.   Affirmed.

*Samuel R. Stern*, for appellant.

*Peacock &· Ludden*, for respondents.

FULLERTON, J.—In 1895, the respondent, Maude Sutton,
entered into a contract with the Northern Pacific Railway
Company, by which she agreed to purchase from the railroad
company, and the company agreed to sell to her, lots 2 and
3, in township 26, north, of range 45, east of the Willamette
Meridian, at the agreed price of $80.25 for lot 2, and $80.10
for lot 3, to be paid in five equal annual installments, with
interest on the deferred payments.   Lot 2 contained 32.10
acres, and lot 3, 53.40 acres, according to the government
surveys.   Some two years after the contract had been entered
into, the appellant applied to the respondent to purchase an
interest in the land.   The parties subsequently entered into
an oral contract by the terms of which the respondent con-
tracted to sell the appellant some part. of the land covered by
the two descriptions, but as to what part the parties do not
agree; and the controversy between them on this point forms.
the subject-matter of this action.

[1]Reported in 103 Pac. 10.

The appellant contends that for half of the purchase price she was to have lot 2 and a sufficient acreage of lot 3 to make one-half of the entire area, while the respondent contends that the appellant was to have lot 2 at the price the respondent had agreed to pay the railroad company for the same, with the modification, that, if the line between the lots when surveyed and marked on the ground should leave no access to lot 3, without passing over a part of lot 2, she was to have such portion of the lot as would be necessary for access, she to convey to the respondent an equal area on the lake frontage in the northeast corner of lot 3. Subsequent surveys showed no necessity for using any portion of lot 2 as a right of way to lot 3, and the respondent subsequently deeded to the appellant the whole of that lot. This action was thereafter begun by the appellant to compel the conveyance of a sufficient quantity of land out of lot 3 to make the two tracts equal in area. The trial court ruled with the respondent and this appeal was taken therefrom.

On the question of fact presented by the record, we think it clear that the respondent, at the time she entered into the contract with the appellant, understood that she was agreeing to convey to the appellant lot 2, with the qualification above mentioned, for the price she had agreed to pay the railroad company for that lot. The dividing line between lots 2 and 3 had not then been projected on the ground, and neither the appellant nor the respondent knew where it would run when actually marked out. Both of them seem to have thought that the dividing line was farther south than it actually proved to be, but the respondent thought the line when surveyed would mark the boundary between the two lots, unless, as she explains, it should cut off her right of access to the tract she retained. On the other hand, we think it equally clear that the appellant understood that she was to receive one-half of the entire area, and that she accepted the deed to lot 2 as a partial fulfillment of the contract only, intending to insist upon and enforce a conveyance of a part of lot 3 equal

in area to one-half the difference between the two tracts. But, as her proofs fall short of convincing us that the respondent so understood the contract, she has perhaps made a case on which she would have been entitled to a rescission had she made an offer to rescind when she discovered that there had been no meeting of minds, but she has made no case authorizing a recovery of additional acreage.

The evidence is voluminous, and it would serve no useful purpose to enter upon a review of it here. On the record the judgment is right and will stand affirmed.

RUDKIN, C. J., CHADWICK, GOSE, DUNBAR, and CROW, JJ., concur.